JOHNSON, J.,
concurs with reasons.
hi concur with the majority opinion in the aspect that Defendant’s conviction and sentence should be affirmed. However, I disagree with the majority opinion’s reliance on State ex rel. D.W., 09-855 (La. App. 5 Cir. 9/14/10); 47 So.3d 1048 (Johnson, J., dissenting), for the issue of whether Nicole Henry’s statement to the police could have been admitted for use as substantive evidence of Defendant’s guilt. Although I agree that Nicole’s prior inconsistent statement was properly admitted for use as substantive evidence, I find that this case is distinguishable from the D.W. case.
At trial, Nicole Henry, as a State witness, testified that she did not observe the shooting and did not see anyone with a gun because she is nearsighted and could not see the scene of the shooting. She stated that she only heard gunshots. Ms. Henry attested that she spoke with Detective Travis Eserman after the shooting; however, she insisted she did not tell Det. Eserman that she saw Defendant shoot the victim or see him flee on foot. Ms. Henry further testified that, even though Det. Eserman harassed her, she did not give a recorded statement to him because she did not see anything. Later during the trial, Det. Eserman testified that Ms. Henry told him she heard gunshots and saw Defendant shoot the victim and run. Det. Eserman also testified that Ms. Henry refused to give a recorded statement, but she did identify Defendant in a lineup.
*906 |gIn D.W., supra, the two eyewitnesses testified at trial that they did not see the defendant shoot the victim. Both of the witnesses were presented with their prior statements given to detectives and were provided with an opportunity to admit to those statements, which one witness denied making the prior statement. In my dissent, I cited the law stating, “before prior inconsistent statements can be accepted as nonhearsay, and therefore probative, additional evidence must also corroborate the ‘matter asserted’ or the ‘facts sought to be proved’ ” by the prior inconsistent statements. (Citations omitted). Id. at 1074. There was no corroborating evidence presented that linked the defendant to the shooting of the victim. Because there was no additional corroborating evidence, I opined the prior inconsistent statements should have only been allowed for impeachment purposes, not as substantive evidence.
I find that the distinguishing factor between this matter and D.W. is that Nicole’s prior inconsistent statement was corroborated by the testimony of her sister, Chris Henry. Chris’s testimony was consistent in her prior statement and at trial that she saw Defendant shoot Fred Brown. Chris’s testimony corroborated Nicole’s prior statement to Det. Eserman. Therefore, Nicole’s prior inconsistent statement was admissible as substantive evidence.
For the above stated reasons, I concur with the majority opinion.